IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST COFFEY, #M10515,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE 1, JOHN DOE 2, and JANE DOE 1,<br><br>        Defendant. | Case No. 24-cv-01998-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Ernest Coffey, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## DISCUSSION

    Plaintiff again has failed to state a viable claim against the named defendants – John Doe 1, who is described as the heard warden; John Doe 2, who is described as the assistant warden of operations; and Jane Doe 1, who is described as the assistant warden of operations at Menard Correctional Center's medium security facility. (Doc. 17, p. 1-2). Plaintiff asserts that systematic deficiencies in medical procedures and processes at Menard Correctional Center, specifically understaffing, resulted in delays in medical appointments with medical providers at the facility

and with outside specialists for his shoulder injury. Because of staffing shortages and the inefficiencies in scheduling of medical procedures, he was subjected to unnecessary suffering. Plaintiff states that Defendants are responsible for implementing adequate systems to ensure that the inmates' medical issues are being properly identified, diagnosed, and treated. He brings his Eighth Amendment violation claim pursuant to 42 U.S.C. § 1983 against Defendants in their official capacities for monetary damages and declaratory relief. (*Id.* at p. 1-2, 30, 34).

Plaintiff, however, cannot sue state officials in their official capacities for monetary damages under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, the Court cannot issue a declaratory judgment regarding Plaintiff's past medical care, and he does not plead facts indicating that there is a continuing violation of federal law. *See Kress v. CCA of Tenn., LLC,* 694 F. 3d 890, 894 (7th Cir. 2012).

To the extent the Court reads the Second Amended Complaint more broadly, as bringing claims against Defendants in their individual capacities, Plaintiff's Eighth Amendment claim still fails. To state an Eighth Amendment claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021). A defendant is deliberately indifferent if he or she either "knows of and disregards an excessive risk to inmate health or safety" or "is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he draws the inference." *Id*. at 824-25 (quotation omitted).

Plaintiff's facts, as pled, do not allow the plausible inference that the individual defendants knew of and disregarded his specific medical needs. Plaintiff states that Defendants were responsible for providing an adequate medical care system for all prisoners and that either the head warden or the head warden's contractors were at fault for the cancellation of his medical furloughs.

(Doc. 17, p. 26, 30). The Court is unable to infer deliberate indifference from these sparse facts. Defendants cannot be held liable simply for their supervisory roles because the doctrine of respondeat superior (or supervisory liability) does not apply to Section 1983 claims. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Similarly, the receipt or review of one of Plaintiff's grievances[1] is insufficient to establish that any of the Defendants were personally involved in any deficient medical care. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Neely v. Randle,* 2013 WL 3321451, at *3 (N.D. Ill. June 29, 2013) ("If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." (quoting *Gevas v. Mitchell,* 492 F. App'x 654, 660 (7th Cir. 2012))). For these reasons, Plaintiff has failed to state an Eighth Amendment claim against Defendants.

Because Plaintiff has failed to state a claim against any of the named defendants, the Second Amended Complaint is dismissed. The Court has already given Plaintiff opportunities to replead his claims, and at this point, allowing any further amendment would be futile. *See Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the Second Amended Complaint and this entire case will be dismissed with prejudice.

### DISPOSITION

For the reasons stated above, the Second Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The

---

[1] According to Plaintiff's exhibits, one grievance was reviewed by Anthony Wills, one grievance was reviewed by Kevin Reichert, and there is no indication of which chief administrative officer, if anyone, reviewed the third grievance. (Doc. 1, p. 5-8, 26).

Court considers the dismissal of this action as one of Plaintiff's three "strikes" under 28 U.S.C. §1915(g).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 30, 2025**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**